IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRIEU, LLC

    Plaintiff,

v.                                  Case No. 6:14-CV-803-ORL-36-TBS

KIMHONG HO                  JURY TRIAL DEMANDED

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT
### (Injunctive Relief Sought)

Plaintiff, Trieu, LLC ("Trieu"), by and through undersigned counsel, for its complaint against Defendant Kimhong Ho and alleges the following:

### NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition, relating to the Defendant's use of the name VENETIAN NAILS & SPA which is confusingly similar to Plaintiff Trieu's federally registered mark VENETIAN NAIL SPA.

### PARTIES

2. Plaintiff Trieu, LLC, is a Tennessee limited liability company with a principal place of business at 2868 N. University Dr., Coral Springs, Florida 33065-1427.

3. Upon information and belief, Defendant, Kimhong Ho ("Ho" or "Defendant"), is a resident of Orange County, Florida.

## JURISDICTION

4. As this action relates to trademark infringement, this Court has original subject matter jurisdiction over this action under 15 U.S.C. §1121(a), 28 U.S.C. §1331 and under 28 U.S.C. §1338(a). As this case relates to unfair competition which is joined with and substantially related to the trademark infringement action, this Court also has original jurisdiction over these claims under 28 U.S.C. §1338(b).

5. This Court also has jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a).

7. This Court has personal jurisdiction over Defendant, Ho because: Defendant is resident of the State of Florida and the Middle District of Florida; Defendant has purposefully availed himself of the privileges of conducting business in the State of Florida and the Middle District of Florida; Defendant has sought protection and benefit from the laws of the State of Florida; Defendant regularly conducts business within the State of Florida and within the Middle District of Florida; and Defendant committed a tort in the State of Florida and in the Middle District of Florida.

## VENUE

8. Venue is proper in this District under 28 U.S.C. §1391(b) and §1391(c).

## TRADEMARK-IN-SUIT

9. Trieu, LLC is the owner by assignment of the entire rights, title, and interest, including the right to sue for past infringement, of United States Trademark Registration No. 3,192,012 on the Principal Register for the mark VENETIAN NAIL SPA for "nail salon services, health day spa services, located in a commercial shopping plaza and not in a hotel or casino, namely cosmetic body care services, facials, massages, manicures and pedicures." A true and accurate copy of the registration is attached hereto as Exhibit "1" and incorporated by reference.

10. The VENETIAN NAIL SPA mark has been in continuous use since at least January 2, 2007 when it was registered on the Principal Register, and thus the registration is incontestable under the provisions of 15 U.S.C. §1065 in that Section 8 and 15 Affidavits were timely filed with the United States Patent and Trademark Office.

## FACTUAL BACKGROUND

11. Plaintiff Trieu and its licensees currently own and operate 32 salons in the States of Alabama, Colorado, Florida, Illinois, Iowa, Kentucky, Michigan, Missouri, Ohio, Pennsylvania, Tennessee, Texas, and Virginia that provide professional nail care (manicures and pedicures), facials, and waxing.

12. Plaintiff Trieu, and its predecessor in interest, have expended significant sums of money to promote and advertise its business under the VENETIAN NAIL SPA mark from at least 2003 until the present.

13. More specifically, Plaintiff Trieu and its predecessor in interest, have advertised and promoted the VENETIAN NAIL SPA mark through print advertisements, hand bill flyers, posters, and the Internet.

14. Defendant advertises, promotes, sells and offers to sell manicures, pedicures, facials and waxing services under the name VENETIAN NAILS & SPA.

15. Plaintiff and Defendant both advertise, promote, sell, and offer to sell manicure, pedicures, facials and waxing services and are thus direct competitors.

16. Defendant Ho is the sole proprietor of the business doing business under the name VENETIAN NAILS & SPA, located at 13432 Summerport Village Pkwy, Windermere, Florida 34786.

17. After becoming aware of Ho's use, Trieu, through legal counsel, requested that Defendant stop using the VENETIAN NAILS & SPA mark because it was likely to cause confusion with VENETIAN NAIL SPA.

18. Defendant, with full knowledge of the VENETIAN NAIL SPA mark, has repeatedly refused Plaintiff's request to stop using the VENETIAN NAILS & SPA mark, thereby making the use and continued use of the mark deliberate, willful and wanton.

19. Plaintiff Trieu has never authorized or licensed Defendant to use the VENETIAN NAIL SPA mark nor any confusingly similar derivate of it.

20. Plaintiff Trieu performed all conditions precedent to be performed by Plaintiff or the conditions have occurred.

21. Plaintiff Trieu has been forced to retain the undersigned law firm for representations in this action.

# COUNT I
## (TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114)

22. Plaintiff Trieu realleges each and every allegation set forth in paragraphs 1 through 21 above, as if fully set forth herein.

23. Plaintiff Trieu is the owner of the entire rights, title, and interest in U.S. Trademark No. 3,192,012 for VENETIAN NAIL SPA.

24. Defendant has used the mark VENETIAN NAILS & SPA in connection with the promotion, advertising, sale, and offering for sale of his services.

25. Defendant's use in commerce of the mark VENETIAN NAILS & SPA is sufficiently close in sound and appearance to VENETIAN NAIL SPA that it is likely to cause confusion.

26. As a direct and proximate result of Defendant's infringing use of the VENETIAN NAIL SPA mark, he has caused Plaintiff Trieu to lose profits, and to lose goodwill associated with the VENETIAN NAIL SPA mark.

27. Plaintiff Trieu will be irreparably damaged by continued loss of profits, loss of goodwill and loss of control over the reputation of the VENETIAN NAIL SPA mark unless Defendant is prevented from continuing to promote, advertise, sell or to offer for sale his services associated with the intentionally and confusingly similar VENETIAN NAILS & SPA mark.

28. Defendant has thereby created a likelihood of confusion in the market place that will continue and increase if Defendant is permitted to continue his unauthorized use and misappropriation of Plaintiff Trieu's trademark.

29. Defendant adopted the VENETIAN NAILS & SPA mark, based upon information and belief, with knowledge of Plaintiff Trieu's prior use of the VENETIAN NAIL SPA mark, and has thereby infringed Plaintiff's mark willfully and with wanton disregard of Plaintiff's rights, and will continue to do so unless enjoined.

30. Once Defendant's infringing conduct was brought to its attention by Plaintiff Trieu, Defendant refused to stop using the VENETIAN NAILS & SPA mark and made a deliberate decision to continuing using the VENETIAN NAILS & SPA mark to advertise, promote, offer for sale, and sell his services.

31. Defendant's use and continued use of the VENETIAN NAILS & SPA mark is willful, wanton, and shows a reckless disregard for Plaintiff Trieu's rights.

32. Plaintiff Trieu has been damaged and is likely to be further damaged by Defendant's infringing acts and that damage will be irreparable unless Defendant's conduct is enjoined.

## COUNT II
### (TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a))

33. Plaintiff Trieu realleges each and every allegation set forth in paragraphs 1 through 21 above, as if fully set forth herein.

34. Plaintiff Trieu has used the VENETIAN NAIL SPA mark in interstate commerce to advertise, promote, and distinctly identify its manicure, pedicure, facials, and waxing services since at least as early as 2003.

35. Defendant adopted the VENETIAN NAILS & SPA mark to promote its manicure, pedicure, facials, and waxing services.

36. Plaintiff Trieu's use of the VENETIAN NAIL SPA mark in interstate commerce pre-dates Defendant's adoption and use of the VENETIAN NAILS & SPA mark.

37. Defendant's unauthorized use of the VENETIAN NAILS & SPA mark is likely to cause confusion, mistake, or to deceive customers as to Plaintiff Trieu's affiliation, connection, association, sponsorship, or approval of Defendant's services.

38. Plaintiff Trieu has been damaged and is likely to be further damaged by Defendant's infringing acts and that damage will be irreparable unless Defendant's conduct is enjoined.

39. Once Defendant's infringing conduct was brought to its attention, Defendant refused to stop using the VENETIAN NAILS & SPA mark and made a deliberate decision to continuing using the VENETIAN NAILS & SPA mark to advertise, promote, offer for sale, and sell its services.

40. Defendant's use and continued use of the VENETIAN NAILS & SPA mark is willful, wanton, and shows a reckless disregard for Plaintiff Trieu's rights.

## COUNT III
## (DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER FLORIDA LAW)

41. Plaintiff Trieu realleges each and every allegation set forth in paragraphs 1 through 21 above, as if fully set forth herein.

42. Plaintiff Trieu and Defendant are commercial competitors.

43. Defendant's actions as described above, namely, Defendant's acts of unfair competition and willful trademark infringement, constitute deceptive and unfair trade practices as defined in Fla. Stat. § 501.203(3)(a)-(c).

44. As a direct and proximate result of Defendant's deceptive and unfair trade practices, Plaintiff Trieu has been damaged and will continue to be damaged.

45. Plaintiff Trieu does not have an adequate remedy at law and will continue to be damaged by Defendant's actions unless this Court enjoins Defendant from such business practices.

46. Plaintiff Trieu is entitled to injunctive relief against Defendant pursuant to Fla. Stat. §501.211(1).

47. Plaintiff is entitled to recover its attorneys' fees and costs as provided by Fla. Stat. § 501.2105.

## COUNT IV
## (COMMON LAW TRADEMARK INFRINGEMENT UNDER FLORIDA LAW)

48. Plaintiff Trieu realleges each and every allegation set forth in paragraphs 1 through 21 above, as if fully set forth herein.

49. Defendant's conduct as described above constitutes trademark infringement and passing off in violation of the common law of the State of Florida.

50. Plaintiff Trieu does not have an adequate remedy at law and will continue to be damaged by Defendant's actions unless this Court enjoins Defendant from such business practices.

# PRAYER FOR RELIEF

**WHEREFORE,** Trieu, LLC requests that the Court grant the following relief:

A. That Kimhong Ho and anyone acting or participating with Kimhong Ho be preliminarily and permanently enjoined from:

    i. using the VENETIAN NAIL SPA mark and any mark that is confusingly similar thereto, which includes VENETIAN NAILS & SPA to advertise, promote, offer for sale, or sell its manicure, pedicure, facial and waxing services;

    ii. otherwise infringing the VENETIAN NAIL SPA mark.

B. That Kimhong Ho be ordered to pay Plaintiff Trieu all profits Defendant realized by reason of his unlawful acts, and compensate Plaintiff for any damages sustained as provided under 15 U.S.C. §1117.

C. That the Court award Plaintiff Trieu treble damages because of the intentional, unlawful and willful acts of Defendant set forth in this Complaint under the provisions of 15 U.S.C. §1117(a).

D. That this case be declared exceptional and that Defendant be ordered to pay Plaintiff Trieu the cost of this action and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

E. That Defendant be ordered to pay Plaintiff Trieu its reasonable attorneys' fees pursuant to Fla. Stat. § 501.2105.

F. That Plaintiff Trieu shall have such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues triable.

DATED this 20th day of May, 2014.

> Respectfully Submitted,
>
> BEUSSE WOLTER SANKS
>     MORA & MAIRE, P.A.
> 390 N. Orange Avenue, Suite 2500
> Orlando, FL 32801
> Telephone:   (407) 926-7700
> Facsimile:   (407) 926-7720
> Email: adavis@iplawfl.com
> Email: kwimberly@iplawfl.com
>
>
> /s/ Amber N. Davis
> Amber N. Davis
> Florida Bar No. 0026628
> Kevin W. Wimberly
> Florida Bar. No. 57977