UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRIEU, LLC,

    Plaintiff,

v.                                             Case No:   6:14-cv-803-Orl-40TBS

KIMHONG HO,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Trieu, LLC's Motion for Default Judgment. (Doc 71). Upon due consideration I respectfully recommend that the motion be **GRANTED**.

### I. Background

Plaintiff is the owner of a registered service mark "Venetian Nail Spa," which it and its licensees use in connection with 32 eponymous salons in several states, including Florida. (Doc. 1, ¶ 9-11). As the name suggests, Plaintiff's salons "provide professional nail care (manicures and pedicures), facials, and waxing." (Id. ¶ 11). Defendant is the sole proprietor of a nail salon called "Venetian Nails & Spa" located in Windermere, Florida, where he provides manicures, pedicures, facials, and waxing services. (Id. ¶¶ 14-16). When Plaintiff learned of Defendant's salon, it had its lawyer send Defendant a letter instructing him to stop using the name "Venetian Nails & Spa" because it was likely to cause confusion among consumers. (Id. ¶ 17). Defendant "repeatedly refused" to stop using the "Venetian Nails & Spa" mark, and on May 23, 2014, Plaintiff filed this lawsuit. (Id. ¶ 18).

Plaintiff's complaint asserts claims under Lanham Act for trademark infringement and unfair trade practices, as well as claims under state law for unfair trade practices and common-law trademark infringement. (Doc. 1 pp. 5-8).   All of the claims rest on the same allegations: that Plaintiff has a protectable mark and that Defendant is using a similar mark in a manner that is likely to confuse consumers.   (Id.).   Plaintiff seeks an injunction, damages, attorney's fees, and costs.   (Id. p. 9).

Defendant was personally served with the summons and complaint on June 3, 2014.   (Doc. 10-1).   He did not respond and on June 30, the Clerk entered default. (Doc. 12).   On August 1, Plaintiff filed the pending motion for a default judgment and a preliminary injunction.   (Doc. 14).   The same day, the Court ordered Plaintiff to submit adequate proof that defendant was not on active duty in the United States Military.   (Doc. 15).   On August 4, Plaintiff filed an Affidavit in Compliance with Servicemembers Civil Relief Act that states that Defendant is not on active duty status in the United States Military.   (Docs. 16, 16-1).

## II.  Discussion

A.  The Clerk Properly Entered Default

As an initial matter, I find that the entry of default by the Clerk was proper.   The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner…."   Kelly v. Florida, 233 Fed. Appx. 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)).   An individual may be served by delivering a copy of the summons and complaint to the individual personally inside the United States.   FED. R. CIV. P. 4(e)(2)(A).   In this case, the process server personally served the summons and complaint on Defendant Kimhong Ho in Windermere, Florida on June 3, 2014.   (Doc. 10-1).   Pursuant to Rule 12(a)(1),

Defendant was required to respond to the complaint within twenty-one (21) days from the date of service–in other words, by June 24, 2014.   Defendant failed to respond and has otherwise failed to appear in this action.   Thus, the Clerk's default (Doc. 18) was properly entered.

> B.  There is a Sufficient Basis for Entry of Default Judgment Against Defendant Kimhong Ho

The entry of a default by the Clerk does not require the court to enter a default judgment.   DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005).   Before judgment can be entered pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought.   Id.   "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.   In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."   Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

To establish a claim for trademark infringement, a plaintiff must show "that (1) its mark is entitled to protection and (2) the defendant 'adopted an indentical or similar mark such that consumers were likely to confuse the two.'" Sovereign Military Hospitaller Order of Saint John v. Florida Priory of Knights Hospitallers, 702 F.3d 1279, 1293 (11th Cir. 2012) (quoting Int'l Stamp Art, Inc. v. U.S. Postal Service, 456 F.3d 1270, 1274 (11th Cir. 2006) (per curiam)); 15 U.S.C. § 1114.

Plaintiff alleges that it has registered the "Venetian Nail Spa" mark, and has produced a certificate of registration issued by the United States Patent and Trademark

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Office.  (Doc. 14-2).  Registration is "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce or in connection with the goods or services specified in the certificate." 15 U.S.C. § 1057(b).  Defendant has produced no evidence to rebut these presumptions.  Therefore, I find that Plaintiff's mark is entitled to protection.

Plaintiff has alleged and Defendant has admitted that Defendant's use of the "Venetian Nails & Spa" mark is likely to cause consumer confusion.  (Doc. 1, ¶ 25). Several factors the Eleventh Circuit has identified as relevant in assessing the likelihood of confusion weigh strongly in Plaintiff's favor.[2]  The parties' marks are plainly very similar, and they sell the same services (manicures, pedicures, facials, and waxing services) in the same setting (strip malls) to the same customer base.  (Doc. 1 ¶ 14-16). Therefore, I find that Plaintiff has pled sufficient facts to establish a claim for trademark infringement.

Plaintiff's remaining claims are based on Defendant's infringement of Plaintiff's mark, and not on any additional acts.  Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), protects both registered and unregistered marks, and where trademark (as opposed to trade dress) infringement is alleged under this section the basic elements–the plaintiff's ownership of a mark entitled to protection and the defendant's use of a confusingly similar one, see Tana v. Dantanna's, 611 F.3d 767, 773 (11th Cir. 2010)–are essentially the same as those for a trademark infringement claim.  The one difference is

---

[2] The factors identified by the Eleventh Circuit are: (1) type of mark; (2) similarity of the marks; (3) similarity of the products the marks represent; (4) similarity of the parties' retail outlets (trade channels) and customers; (5) similarity of advertising media; (6) defendant's intent; and (7) actual confusion. Frehling Enterprises, Inc. v. Int'l Select Group, Inc., 192 F.3d 1330 1335 (11th Cir, 1999)

- 4 -

that, to show that the mark is entitled to protection under § 1125(a), a plaintiff need not show that a mark is registered but only that it is distinctive.  Id. (citing Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992)).  Plaintiff's certificate of registration suffices to establish distinctiveness.  See 15 U.S.C. § 1057(b) (a certificate of registration is prima facie evidence of a trademark's validity).  The elements for Plaintiff's state law claims are also not materially different from those for its Lanham Act claims, and as such those claims need not be addressed separately.  Conagra, Inc. v. Singleton, 743 F.2d 1508, 1512-1513 & n. 3 (11th Cir. 1984).

      C.  Plaintiff is Entitled to Injunctive Relief

The Court may enjoin violations of trademark laws "according to the principles of equity and upon such terms as the court deems reasonable."  15 U.S.C. § 1116(a). "[W]ell-established principles of equity" generally require a plaintiff seeking a permanent injunction to demonstrate

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).  "The decision to grant or deny a permanent injunction is an act of equitable discretion by the district court." AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1551-52 (11th Cir. 1986).

Plaintiff has suffered and continues to suffer an irreparable injury from Defendant's infringement of its trademark.  While Plaintiff may be able to win a monetary judgment based on future infringement, it should not be required to litigate in order to prevent Defendant from potentially jeopardizing the goodwill it has established with consumers in

- 5 -

the marketplace. And, it is unclear that Plaintiff will be able to actually recover money damages from Defendant. Given the willfulness of the infringement, the balance of the equities tips in Plaintiffs' favor. Finally, an injunction is in the public interest. Defendant's infringement of Plaintiff's mark harms not only Plaintiff, but also consumers misled by Defendant's use of a confusingly similar mark.

### D. Crafting a Proper Injunction

Rule 65(d)(1) requires that "[e]very order granting an injunction ... (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail–and not by referring to the complaint or other document–the act or acts restrained or required." These provisions are not "mere technical requirements," Schmidt v. Lessard, 414 U.S. 473, 476 (1974), but important safeguards rooted in constitutional due process concerns. Because a party who violates an injunction may be subject to criminal contempt, a party subject to one is entitled to "fair warning" of "what [conduct] is prohibited." Grayned v. City of Rockford, 408 U.S. 104, 109 (1972). Rule 65 is "designed to prevent uncertainty and confusion" about the scope of injunctions, Schmidt, 414 U.S. at 476, by requiring district courts who write them to "frame [their] orders so that those who must obey them will know what the court intends to require and what it means to forbid." Int'l Longshoreman's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 76 (1967). The Court has "an independent duty to assure that the injunctions it issues comply with" Rule 65. Chicago Bd. of Educ. v. Substance, Inc., 354 F.3d 624, 632 (7th Cir. 2003).

An injunction is appropriate because Defendant has infringed Plaintiff's trademark and may continue to do so unless enjoined and because, as set forth above, Plaintiff has satisfied the traditional four-factor test for injunctive relief. But, Plaintiff's proposed

injunction requires modification to ensure compliance with Rule 65(d).  Plaintiff proposes to enjoin the use of any mark that is confusingly similar to its "Venetian Nail Spa" mark in connection with "advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any goods or services."  (Doc. 14-4, pp. 1-2).  Injunctions "must be narrowly tailored to remedy the specific harm shown."  Aviation Consumer Action Project v. Washburn, 535 F.2d 101, 108 (D.C. Cir. 1976); see also e360 Insight v. The Spamhaus Project, 500 F.3d 594, 604 (7th Cir. 2007) (courts must "'tailor injunctive relief to the scope of the violation found'" (quoting Nat'l Org. for Women, Inc. v. Scheidler, 396 F.3d 807, 817 (7th Cir. 2005))).  The injunction Plaintiff proposes would, without more specificity, essentially prohibit any infringement of its trademark.  The Eleventh Circuit looks dimly on such "obey the law" injunctions.  See, e.g., S.E.C. v. Smyth, 420 F.3d 1225, 1233 n. 14 (11th Cir. 2005) ("This Circuit has held repeatedly that 'obey the law' injunctions are unenforceable."); John H. Harland Co. v. Clarke Checks, Inc., 711 F.2d 966, 984-88 (11th Cir. 1983) (reversing as inconsistent with Rule 65(d) trade dress injunction that did little more than invoke confusing similarity standard).  Limiting the injunction to the sorts of services Plaintiff and Defendant provide should ensure compliance with Rule 65.  See Planetary Motion, Inc. v. Techsplosion, Inc, 261 F.3d 1188, 1204 (11th Cir. 2001) (finding that an injunction that barred defendant from using plaintiff's mark or "any similar mark" in connection with "'e-mail or other internet-related services,' in connection with software, and as part of the domain name of its website" was not overbroad).  Accordingly, I recommend the Court modify the injunction as set forth below.

    E.  Plaintiff is Entitled to Recover Damages

In addition to an injunction, Plaintiff asks the Court to enter an order declaring that

Plaintiff "is entitled to all profits Defendant realized be reason of his infringing acts, including compensation to Plaintiff for any damages sustained as provided under 15 U.S.C. § 1117."  (Doc. 14-4 at 2).   I find that Plaintiff is entitled to monetary relief under § 1117 for defendant's infringement of its mark in violation of § 1114(1).   However, it is premature to specify in any more detail the appropriate measure of Plaintiff's damages. A plaintiff who prevails on a trademark infringement claim

> shall be entitled, subject to [recovery-limiting provisions inapplicable here], and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the cost of the action.   The court shall assess such profits and damages or cause the same to be assessed under its direction.   In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.   In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount.   If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.   Such sum in either of the above circumstances shall constitute compensation and not a penalty.

15 U.S.C. § 1117(a).[3]   The statute plainly reflects Congress's intention that courts exercise equitable discretion in assessing damages in trademark cases.   Thus far, Plaintiff has not provided evidence of what Defendant's profits are, the degree of harm Plaintiff suffered as a result of consumer confusion, or any other facts relevant to the

---

[3] If the defendant has knowingly used a counterfeit mark, the court must treble the damage award "unless [it] finds extenuating circumstances."  Id. § 1117(b).   In cases involving counterfeit marks, a plaintiff may elect to recover statutory damages instead of actual damages or profits, whether or not the use of the counterfeit mark was willful.  Id. § 1117(c).   A "counterfeit mark" is "spurious mark which is identical with, or substantially indistinguishable from, a registered mark." Id. § 1127.   Plaintiff has not shown that Defendant's mark is a counterfeit, though given the minimal differences between the marks it is at least arguable that it is.   Determining whether a mark is a counterfeit is a fact-intensive analysis that requires not only a comparison of the marks themselves, but the manner and context in which the marks are used, including any trade dress.   See, e.g., Colgate-Palmolive Co. v. J.M.D. All-Star Import & Export, Inc., 486 F. Supp. 2d 286, 290-91 (S.D.N.Y. 2007).

determination of damages.   To declare at this stage that Plaintiff is entitled to all of Defendant's profits would foreclose exercise of the Court's equitable discretion in assessing the amount of damages.   Thus, I conclude that the Court should defer deciding issues relating to damages until it has an opportunity to take evidence on damages.[4]

### F.  Plaintiff is Entitled to Recover Attorney's Fees

Plaintiff seeks attorney's fees pursuant to 15 U.S.C. § 1117(a), which allows a prevailing party to recover such fees in "exceptional cases," and FLA. STAT. 501.2105, which permits (but does not require) courts to award fees to a prevailing party in cases arising under Florida's deceptive and unfair trade practices law.   (Doc. 14 at 8-9).   A district court may find that "exceptional circumstances" exist only when the plaintiff has presented evidence of fraud or bad faith.   Safeway Stores, Inc. v. Safeway Discount Drugs, Inc., 675 F.2d 1160, 1169 (11th Cir. 1982).   Plaintiff has produced sufficient evidence of bad faith to support a finding of exceptional circumstances.   Prior to filing suit, Plaintiff sent Defendant a letter informing him of Plaintiff's registered "Venetian Nail Spa" mark and asking that Defendant stop using the infringing "Venetian Nails & Spa" mark.   (Doc. 1, ¶ 17).   Defendant refused to do so.   (Id. ¶ 18).   Given the striking similarity between the two marks, Defendant could not reasonably have believed that his mark was not infringing.   Consequently, his continued infringement appears to have been willful, in bad faith, and made this lawsuit necessary.   See Planetary Motion v. Techsplosion, Inc., 261 F.3d 1188, 1205 (11th Cir. 2001) (willful infringement can support a finding of exceptional circumstances).

---

[4] Plaintiffs may need to take discovery to obtain the necessary evidence.   The Court need not address any issues regarding the scope of such discovery until Plaintiff actually requests leave to take discovery.

Even in exceptional cases, the district court still has the discretion to deny an award of fees. Dieter v. B & H Industries of Southwest Fla., 880 F.2d 322, 329 (11th Cir. 1989).   Here, there are no facts to suggest that a fee award is unwarranted given the apparent willfulness of Defendant's infringement.   Accordingly, I find that exceptional circumstances exist and recommend that the Court award Plaintiff its reasonable attorney's fees inn an amount to be determined.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. Plaintiff's Motion (Doc. 14) be **GRANTED**.

2. The Court enter judgment for Plaintiff Trieu, LLC and against Defendant Kimhong Ho on the issue of liability on all counts.

3. The Court enter an order permanently enjoining Defendant, his agents, servants, employees, attorneys, and all persons or entities acting in concert with Defendant, from using the mark VENETIAN NAILS & SPA, VENETIAN NAIL SPA, or any colorable imitation of either, in connection with advertising, marketing, promoting, offering for sale, or selling in the United States nail salon services or health day spa services. Nail salon services and health day spa services include cosmetic body care services, facials, massages, manicures, and pedicures.

4. The Court find that this case presents "exceptional circumstances" pursuant to 15 U.S.C. § 1117(a).

5. Plaintiff be afforded an opportunity to submit evidence on the issues of damages and attorney fees.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after

service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 7, 2014.

> THOMAS B. SMITH
> United States Magistrate Judge

Copies furnished to:

> Presiding United States District Judge
> Counsel of Record
> Any Unrepresented Parties