UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRIEU, LLC,

    Plaintiff,

v.                                          Case No:   6:14-cv-803-Orl-40TBS

KIMHONG HO,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Verified Motion for Attorney's Fees.   (Doc 20).   Upon due consideration, I respectfully recommend that the Court **grant** Plaintiff's motion.

### Background

Plaintiff is the owner of a registered service mark "Venetian Nail Spa," which it and its licensees use in connection with 32 salons in multiple states, including Florida.   (Doc. 1, ¶ 9-11).   Plaintiff's complaint alleges federal and state trademark infringement and unfair competition claims against Defendant, the sole proprietor of a nail salon called "Venetian Nails & Spa" located in Windermere, Florida.   (Id. ¶¶ 14, 22-50).   Defendant, who was personally served, failed to respond to the summons and complaint.   (Doc. 10-1).   On August 26, 2014, the Court granted default judgment for Plaintiff and enjoined further infringement by Defendant.   (Doc. 18).   In its order, the Court found that the case presents "exceptional circumstances" pursuant to 15 U.S.C. § 1711, thus entitling Plaintiff to an award of attorney fees, and directed Plaintiff to submit evidence on the issues of damages and attorney fees within fourteen days.   (Id. at 2).   On September 9, Plaintiff

filed its Verified Motion for Attorney's Fees. (Doc. 20). Plaintiff requests $8,430.83 in fees and $440.00 in costs. (Id. at 7). Defendant has not responded to the motion and the time within to do so has expired.

## Costs

As the prevailing party, Plaintiff is entitled to its costs. FED. R. CIV. P. 54(d)(1). Recoverable costs are limited to those items provided for in the federal costs statute, which include "fees of the clerk and marshal." See 28 U.S.C. § 1920(1). Plaintiff seeks the $400 filing fee and $40 to serve Defendant. (Doc. 20 at 7). In this circuit, private process server fees may be taxed as long as they do not exceed the fee the marshals are authorized to collect under federal statute, which is $55 per hour "plus travel costs and any other out-of-pocket expenses." EEOC v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000); 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3). Accordingly, the entire $440 is taxable against Defendant.

## Attorney's Fees

In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorney's fees. Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); see also Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The lodestar is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); Norman, 836 F.2d at 1299. The court must exclude from its calculation "excessive, redundant or otherwise unnecessary" hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience,

- 2 -

and reputation." Norman, 836 F.2d at 1299. "Ultimately, the computation of a fee award is necessarily an exercise in judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

As the fee applicant, Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303. Plaintiff can meet this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische, 2010 WL 98991, at *4. "[T]he Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303); see also Perez v. Sanford-Orlando Kennel Club, Inc., et al., No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees."). In considering what constitutes a reasonable hourly rate, the Court may consider

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Bivins v. Wrap It Up, Inc., 380 F. App'x 888, 890 (11th Cir. 2010) (citing Johnson v. Georgia Highway Exp., Inc., 488 F. 2d 714 (5th Cir. 1974)).

Plaintiff seeks to recover the following professional fees:

| Name | Position | Hours | Hourly Rate | Amount Billed |
|---|---|---|---|---|
| Amber N. Davis | Shareholder | 8.5 | $275.00 | $2,337.50 |
| Kevin W. Wimberly | Associate | 1.4 | $250.00 | $350.00 |
| Barbie A. Mahan | Paralegal | 6.6 | $100.00 | $660.00 |
| Oscar R. Trejo | Partner (Atom Law Group) | 25.42 | $200.00 | $5,083.33 |
| | | | **Total** | **$8,430.83** |

(See Doc. 20 at 7).

In support of the reasonableness of the rates charged, Plaintiff cites other cases from this district approving similar rates for other attorneys. (Id. at 6 (citing Achte/Neunte Boll King Beteiligungs GMBH & Co. v. Palmer, No. 2:11-cv-70-FtM-29SPC, 2011 WL 4632597, at *2 (M.D. Fla. Oct. 6, 2011); Salle v. Meadows, No. 6:07-cv-1089-Orl-31DAB, 2008 WL 508400, at *2 (M.D. Fla. Feb. 21, 2008); Clever Covers, Inc. v. Southwest Florida Storm Defense, LLC, 554 F. Supp. 2d 1303, 1306 (M.D. Fla. 2007)). Plaintiff also directs the Court's attention to Dynamic Designs Distribution, Inc. v. Nalin Manufacturing, LLC, where a judge of this district approved a $265 hourly rate for Ms. Davis, a $250 hourly rate for Mr. Wimberly, and a $100 hourly rate for Ms. Mahan. Order granting Motion for Attorney's Fees, No. 8:13-cv-707-VMC-TBM, Doc. 47, at 4-5 (June 16, 2014). Plaintiff argues that the claimed hours are reasonable given the amount of time and effort spent investigating the case and preparing and filing the complaint, motion for default judgment, and motion for attorney fees. (Doc. 20 at 7).

Based on the cases cited by Plaintiff and my own experience, I find that the claimed hourly rates are reasonable. Furthermore, based on my review of the billing records attached to the motion (Docs. 20-1, 20-2), I find that the number of hours claimed is also reasonable. Therefore, I respectfully recommend that the Court award Plaintiff $8,430.83 in attorney's fees.

Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's Motion for Attorney Fees (Doc. 20) be **GRANTED** and the Court award Plaintiff $8,870.83 in attorney's fees and costs.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 29, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties